UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NAUYOKS, | No. 2:25-cv-00625-DC-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING SECOND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND REQUEST TO FILE UNDER SEAL |
| COUNTY OF PLACER, et al. | |
| Defendants. | (Doc. Nos. 38, 39) |

This matter is before the court on the second motion to withdraw as Plaintiff Robert Nauyoks' counsel filed by Attorneys James A. Cook and John L. Burris of Burris Nisenbuam Curry & Lacy, LLP, on February 19, 2026. (Doc. No. 38.)[1] In support of the motion, Attorney Cook filed a declaration that redacted two paragraphs to protect attorney-client privileged information from disclosure. (Doc. No. 38-2.) That same day, Plaintiff's counsel filed a request to file under seal the unredacted version of the declaration. (Doc. No. 39.) Defendants filed a statement of non-opposition to the pending motion to withdraw as counsel on March 5, 2026. (Doc. No. 40.) Pursuant to Local Rule 230(g), the motion was taken under submission to be decided on the papers. (Doc. No. 43.) For the reasons explained below, the court will grant the

---

[1] On October 24, 2025, Plaintiff's counsel filed a motion to withdraw as counsel that did not comply with Local Rule 182(d). (Doc. Nos. 31, 36.) Specifically, the court found the motion did not comply with the affidavit requirements of Local Rule 182(d), and consequently, the court issued an order denying that motion without prejudice. (Doc. No. 36.)

1

pending motion to withdraw as counsel and request to seal.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include the following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of

2

conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;

(3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;

(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

(5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the

rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

As a preliminary matter, the court first addresses Plaintiff's request to seal the unredacted version of the declaration by Attorney Cook. The court has reviewed the proposed redactions of paragraphs four and five and agrees that those paragraphs contain information protected by attorney-client privilege. The court finds good cause to permit Plaintiff's counsel to file the unredacted declaration under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions.") (citation omitted). Thus, the court will grant the request to file under seal the unredacted version of Attorney Cook's declaration and only the court shall have access to that sealed declaration.

Turning to the second motion to withdraw as counsel, Plaintiff's counsel seek permissive withdrawal as counsel for Plaintiff in this action based on California Rule of Professional Conduct 1.16(b) because there are "irreconcilable differences that affect material issues in this case." (Doc. No. 38-1 at 2.) The court has considered the reasons stated by Attorney Cook in his declaration in support of the motion. (Doc. No. 38-2.) The court is satisfied that there has been an irretrievable breakdown in the attorney-client relationship and granting withdrawal is appropriate under the circumstances.

As for the prejudice withdrawal may cause to other parties, the court notes that Defendants have filed a statement of non-opposition to the second motion to withdraw as counsel. (Doc. No. 40.)

As for the delay that may be caused by permitting withdrawal, the court notes that this case is still in the early stages of litigation; Defendants have filed a motion to dismiss Plaintiff's first amended complaint which is fully briefed and is pending before the court. (Doc. No. 27.) Thus, granting the second motion to withdraw as counsel and providing time for Plaintiff to obtain new counsel to represent him in this case will not cause significant delay in resolving this case.

Further, in his declaration, Attorney Cook provided the court with Plaintiff's last known mailing address, as required by Local Rule 182. (Doc. No. 38-2 at 1.) Also in his declaration, Attorney Cook represents that Plaintiff agreed to release Plaintiff's counsel as counsel of record in this matter. (*Id.* at 3.)

Accordingly, the court finds that Plaintiff's counsel's request to withdraw as counsel of record is appropriate under Rule 1.16(b). Thus, the pending motion to withdraw as counsel for Plaintiff will be granted. Plaintiff will be provided thirty (30) days to obtain new counsel to represent him in this case or to inform the court of his intentions to represent himself.

**CONCLUSION**

For the reasons set forth above:

1. The request to file under seal the unredacted version of the declaration by Attorney Cook (Doc. No. 39) is GRANTED;

2. Within three (3) days from the date of entry of this order, Attorneys Cook and Burris shall email a PDF copy of the unredacted declaration by Attorney Cook to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case, for which only the court shall have access;

3. The second motion to withdraw as counsel for Plaintiff (Doc. No. 38) is GRANTED;

4. Attorneys Cook and Burris shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees, if any

5. The Clerk of the Court is directed to terminate Attorneys James A. Cook and John L. Burris, as counsel of record for Plaintiff Robert Nauyoks;

6. Within thirty (30) days from the date of entry of this order, Plaintiff Robert Nauyoks shall file either: (i) a notice of appearance by new counsel obtained to represent him in this case, or (ii) a notice informing the court that he will continue prosecuting this action *pro se*;

7. Plaintiff Robert Nauyoks is cautioned that his failure to comply with this order

may result in the court dismissing this action due to his failure to prosecute and failure to comply with the court's order;

8. Plaintiff Robert Nauyoks is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;

9. The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record;

> Robert Nauyoks
> PO Box 954
> Loomis, CA 95650

10. The Clerk of the Court is directed to serve this order on Plaintiff Robert Nauyoks by mail.

IT IS SO ORDERED.

Dated:    **April 2, 2026**

Dena Coggins
United States District Judge