UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT NAUYOKS,

Plaintiff,

v.

COUNTY OF PLACER, et al.,

Defendants.

No. 2:25-cv-0625-DC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Robert Nauyoks proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order dated May 6, 2026. (ECF No. 47.) Defendants County of Placer and Ross Byers move to dismiss plaintiff's first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court previously found the motion suitable for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion to dismiss should be denied.

**I. Background**

Plaintiff initiated this action while represented by counsel on February 21, 2025, and filed the operative FAC on August 20, 2025. (ECF No. 25.) Under plaintiff's allegations, defendant Byers arrested plaintiff at 1:00 p.m. on February 16, 2024, in Lincoln, California, and applied handcuffs. (Id., ¶¶ 8-9.) Plaintiff complained of pain and numbness and notified Byers of his

diabetic neuropathy. (Id., ¶ 9.) Byers adjusted the handcuffs and switched to using two pairs of handcuffs placed in front of plaintiff's body. (Id., ¶ 10.) Plaintiff alleges Byers knew or should have known to cuff plaintiff in this manner based on a prior encounter and acted intentionally or recklessly in failing to do so, ignoring a foreseeable risk of harm to plaintiff. (Id. at ¶¶ 10, 19, 26.) Plaintiff alleges he suffered physical injuries to his hands and shoulders as a result. (Id., ¶ 11.)

Plaintiff brings an excessive force claim under 42 U.S.C. § 1983 and state law claims asserting violation of California Civil Code § 52.1, Assault/Battery, Negligence, and Intentional Infliction of Emotional Distress. (ECF No. 25, ¶¶ 12-26.)

Defendants filed the pending motion to dismiss on September 10, 2025. (ECF No. 27.) Defendants argue that pursuant to Cal. Gov. Code sections 815 and 815.2, plaintiff's state law claims—the second, third, fourth, and fifth causes of action—fail to state a claim upon which relief may be granted as to the County, which may only be liable as specified by statute. (Id. at 1-2.) Defendants also assert all causes of action fail to state a claim as to either defendant. (Id. at 1-2.)

Plaintiff, still represented by counsel at the time, filed an opposition to the motion. (ECF No. 28.) Defendants filed a reply. (ECF No. 29.)

## II. Legal Standards for Dismissal Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

## III. Discussion

### A. State Law Immunities

Defendants argue plaintiff's second, third, fourth, and fifth causes of action against the County are premised on common law theories not based in statute for which the County cannot be

directly liable. (ECF No. 27-1 at 4; ECF No. 29 at 2.) Plaintiff responds that the County is liable under a theory of respondeat superior for his injuries caused by Byers' acts and omissions. (ECF No. 28 at 4.)

In California, all government tort liability must be based on statute. See Hoff v. Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932 (1998); Cal. Gov. Code § 815(a) (except otherwise provided by statute, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person"). California Government Code Section 815.2 provides for vicarious liability of a public entity, stating in pertinent part:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Cal. Gov. Code § 815.2(a).

It is well settled that "a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 215 (1991) (collecting cases). California law does not immunize defendant employees' unreasonable conduct. See Cal. Gov. Code § 815.2(b).

The FAC alleges Byers was employed by defendant County and acting within the course and scope of that employment at all relevant times. (ECF No. 25, ¶ 5.) Defendants challenge only the County's direct liability, but do not challenge plaintiff's vicarious liability theory for the state-law causes of action. The motion to dismiss the state law claims against the County should be denied.

**B. Sufficiency of the Allegations**

**1. Fourth Amendment and Bane Act**

Defendants argue plaintiff's excessive force and Bane Act claims fail because the force used by Byers only involved handcuffing plaintiff, and Byers responded to plaintiff's complaints by adjusting the handcuffs. (ECF No. 27-1 at 5-6.)

Claims of excessive force are analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 397 (1989). When determining whether the totality of the circumstances justifies the degree of force, the court considers "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted). The reasonableness of force used is ordinarily a question of fact for the jury. Avina v. U.S., 681 F.3d 1127, 1130 (9th Cir. 2012).

California's Tom Bane Civil Rights Act ("Bane Act") imposes liability on a person who "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise" of an individual's state or federal right. Cal. Civ. Code, § 52.1(b).) A Bane Act claim requires the following: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (3rd Dist. 2015) (citing Jones v. Kmart Corp. 17 Cal.4th 329, 334 (1998)). To prevail on a Bane Act claim, a plaintiff must establish the defendant had a "specific intent" to violate his rights. Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018).

Plaintiff has pleaded sufficient facts alleging Byers used an unreasonable amount of force when handcuffing plaintiff. It is well-established, for example, that "overly tight handcuffing can constitute excessive force." Wall v. Cnty. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004). Under the FAC's allegations, Byers applied handcuffs in a manner that caused plaintiff to suffer physical injuries to his hands and shoulders even though Byers knew or should have known plaintiff needed to be handcuffed differently based on a prior encounter, intentionally or recklessly ignoring the risk of harm to plaintiff. Plaintiff allegedly suffered injuries. These allegations suffice. See, e.g., White v. Gastelo, No. CV 21-02351-GW (DFM), 2025 WL 2087580, at *8 (C.D. Cal. July 11, 2025), report and recommendation adopted, No. CV 21-02351-GW (DFM),

2025 WL 2410766 (C.D. Cal. Aug. 18, 2025) (collecting cases and explaining that both Fourth and Eighth Amendment excessive force claims can lie under a theory that the plaintiff complained about the manner of handcuffing and was ignored and can also lie under a separate theory that overly tight handcuffing results in a demonstrable injury); Smith v. Yarborough, No. CV-044502-DSF-JTL, 2008 WL 4877464, at *12 (C.D. Cal. Nov. 7, 2008), aff'd, 578 F. App'x 721 (9th Cir. 2014) (noting excessive force may be found where "the plaintiff… had pre-existing injuries known to the defendant").

In addition, based on the FAC's allegations, it is at least plausible that Byers intentionally interfered with, or acted with reckless disregard for, plaintiff's constitutional right to be free from excessive force. Plaintiff's allegations are sufficient at the pleading stage as to the Bane Act claim. See Smith v. City of Marina, 709 F. Supp. 3d 926, 939 (N.D. Cal. 2024) ("At the motion to dismiss stage ... allegations of conduct that violates constitutional rights coupled with allegations that conduct was done with reckless disregard for a party's rights can be sufficient to establish specific intent.").

**2. Assault and Battery**

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." So v. Shin, 212 Cal.App.4th 652, 669 (2013), as modified on denial of reh'g (Jan. 28, 2013) (citing Judicial Council of California Civil Jury Instruction 1300). "A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable." Brown v. Ransweiler, 171 Cal. App. 4th 516, 527 (2009). Defendants' argument for dismissal of the negligence claim is premised on the assertion that Byers was entitled to use a reasonable amount of force to make an arrest and used a reasonable amount of force. (ECF No. 27-1 at 6-7.) As plaintiff has plausibly alleged a Fourth Amendment excessive force claim, this argument fails. Plaintiff has also plausibly alleged a battery claim.

**3. Negligence**

In California, police officers have a duty to "use reasonable force under the totality of the circumstances." Brown, 171 Cal. App. 4th at 526, n.10. To prevail on a negligence theory, plaintiff must show Byers "had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Hayes v. County of San Diego, 57 Cal. 4th 622, 629 (2013). Defendants' argument for dismissal of the negligence claim is premised on the assertion that Byers used a reasonable amount of force. (ECF No. 27-1 at 7.) As set forth above, plaintiff adequately alleged facts suggesting an unreasonable amount of force was used. Plaintiff's negligence claim is adequately pleaded.

**4. Intentional Infliction of Emotional Distress**

"The elements of a cause of action for intentional infliction of emotional distress are (1) the defendant engages in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, emotional distress; (2) the plaintiff suffers extreme or severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the plaintiff's extreme or severe emotional distress." So, 212 Cal. App. 4th at 671 (citation omitted). "Outrageous conduct" is conduct that is intentional or reckless and so extreme as to exceed all bounds of decency in a civilized community. Id. The defendant's conduct must be directed to the plaintiff, but malicious or evil purpose is not essential to liability. Id. "There is no bright line standard for judging outrageous conduct." Id.; see also Cross v. Bonded Adjustment Bureau, 48 Cal.App.4th 266, 283 (1996) (where reasonable people could differ in opinion, whether conduct has been sufficiently extreme and outrageous to result in liability is a question for the jury).

Defendants argue plaintiff's allegations do not plausibly allege extreme and outrageous conduct. (ECF No. 27-1 at 8.) However, as set forth above, plaintiff alleges Byers knew or should have known from a prior encounter that using only one set of handcuffs would cause plaintiff to suffer pain and emotional distress. In initially applying handcuffs, plaintiff alleges, Byers intentionally ignored or recklessly disregarded a foreseeable risk to plaintiff. Thus, plaintiff alleges conduct more extreme than "mere insults, indignities, threats, annoyances, petty

oppressions, or other trivialities." Cross, 48 Cal. App. 4th at 283. Considering that the extreme and outrageous character of conduct may arise from an abuse by the actor of a position of authority, see id., plaintiff's allegations suffice to state a plausible claim.

**IV. Recommendation**

In accordance with the above, IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 13, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 nauy25cv0625.mtd